**LAUVAI of Pago Pago by Falealili, Plaintiff**

**v.**

**SPITUPE of Pago Pago, Defendant**

No. 9-1938

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Asuega"]

December 16, 1938

ARTHUR A. MORROW, *Chief Justice;* MULI, *Associate Justice;* and PULETU, *Associate Justice.*

Afasa and Crossfield Hunkin, counsel for Lauvai.
Saipale and Solosolo, counsel for Si'itupe.
Heard at Fagatogo on November 29, 1938. 

## DECISION

This is an action to determine who shall be registered for the matai name Asuega. Si'itupe of Pago Pago filed for the name on June 9, 1938. On June 14, 1938, Falealili, a matai of the Asuega family, filed an objection in behalf of Lauvai of Pago Pago, Lauvai becoming a candidate for the name.

At the outset it should be stated that the High Court in reaching a decision is bound by the law. The Judges do not make the law. They take the law as they find it and apply it

to the facts as they ascertain them to be from the evidence. If judges were to follow their personal likes and dislikes in the decision of cases instead of applying the law to the facts, the titles, lands, and liberties of the Samoan people would be endangered.

 ██ Formerly the law was to the effect that High Court in a matai name case should award the name to the candidate with the best hereditary right. The 1937 Fono recommended certain changes in the law. Its recommendation was later approved by the Governor and enacted into law. The law governing the decision in this type of case is now found in Section 79(4A) of the Codification of the Regulations and Orders for the Government of American Samoa. It reads

"In the trial of Matai name cases, the High Court shall be guided by the following in the priority listed:

"1. The wish of the majority of the family.

"2. The forcefulness, character, personality, and leadership of the candidate.

"3. The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail.

"4. The value of the holder of the Matai name to the Government of American Samoa."

 Pursuant to the above statute the primary and most important matter to be considered by the Court in this case is the wish of the majority of the family. Each candidate filed with the Clerk of the High Court prior to the date of trial a petition purporting to be signed by the various members of the family who favored his candidacy. There were 168 signatures on the petition of Si'itupe and 123 on the petition of Lauvai. At the trial counsel for Lauvai objected to nine or ten of the names on Si'itupe's petition, claiming that said names were improperly there. The Court, after listening to the testimony, concludes that

nine of the names objected to should be stricken from the petition. That leaves 159 members of the family who wish Si'itupe to be the matai of the Asuega family.

■ ■ In considering the petition for Lauvai it should be stated that the evidence showed that Falealili who circulated Lauvai's petition signed the names of seventeen persons in addition to his own to the petition. It appeared that these seventeen persons lived in Hawaii, and other parts of the world and could have known nothing about their names being so signed. Since these seventeen names were signed without the knowledge or authority of the persons whose signatures they purported to be, it is obvious that their names cannot be considered. The Court does not include them in the above mentioned 123 persons who signed Lauvai's petition. Lauvai admitted on the stand that the above seventeen names should not be counted for him. The evidence showed that the name of a child five years of age was on Lauvai's petition as were the names of one seven-year-old child and four eight-year-old children. It is obvious that children of such ages are not old enough to understand the affairs of a matai family and to have an intelligent wish as to who should be the matai. Their names should not have been on the petition. A few of the other 123 names were objected to by counsel for Si'itupe. It is not necessary for the Court to determine whether these last mentioned names so objected to were properly on the petition, or not, since Si'itupe by the evidence has 159 members of the family favoring his candidacy and Lauvai has only 123, counting those objected to by Si'itupe's counsel as well as the children above mentioned. Even if the seventeen names signed by Falealili were counted Si'itupe would still have a majority of the family with him. We conclude that the majority of the family wish Si'itupe to have the name Asuega. He, therefore, prevails over Lauvai on the first issue.

We shall next consider the issue of forcefulness, character, personality, and leadership. The evidence showed and Lauvai admitted that in 1904 he was sentenced to jail for three months for an assault; that in 1906 he was again sentenced to jail for nine months for another assault with an alternative of paying a fine of one hundred dollars. He apparently served a part of the sentence. In 1932 he was again given a six months' suspended sentence for an assault and was fined twenty dollars. A matai should be a peaceful man, and not a man who gets into quarrels with the result that he has to be sent to jail. A matai is frequently called upon to settle disputes between family members and to conciliate with other matais in disputes between his family and other families. A man who is quarrelsome is not a good conciliator. It did not appear from the evidence that Si'itupe had ever been convicted of a public offense. He was dismissed from the Island Government employ on account of cruelty to a dog. While the conduct of Si'itupe in this matter was not proper, nevertheless he is not in the same category with a man who has been sentenced for crime on three different occasions. The Court is of the opinion from the evidence that both candidates are industrious men. Lauvai served in the Fita Fita Guard for twenty years and draws a pension of about forty-four dollars a month which he expects shortly to be increased to about sixty dollars a month. Lauvai has large plantations which he works with skill and energy. Si'itupe also has plantations which he works and as far as the Court can ascertain from the evidence with ordinary skill and care. Both Lauvai and Si'itupe are engaged in the manufacture of curios which they sell on steamer days. Si'itupe's income from this source ranges from fifteen to twenty-five dollars a month, while Lauvai's income from this source is much less. It appears to the Court that Si'itupe has superior qualifica-

tions of leadership. He has been employed at various times by the Island Government as a foreman and has had charge at various times of as many as one hundred laborers. We do not regard it as necessary to detail any more of the evidence on this issue. It is very clear to us, considering all of the evidence, that Si'itupe prevails on the issue of forcefulness, character, personality, and leadership.

On the issue of best hereditary right it should be stated that each candidate is a son of an Asuega. Si'itupe is the son of Asuega-Taufaasau (Tui). Lauvai is the son of Asuega-Moevā. Upon this record both candidates have an equal hereditary right to the name.

This leaves the issue of value to the Government of American Samoa yet to be considered. It appears that both candidates have always paid their taxes. For this both are to be commended. Both candidates have plantations and are industrious. However in view of all of the evidence on this issue we are of the opinion that Si'itupe will be more valuable to the Government as the matai than Lauvai. The settlement of difficulties within the family and between the family and other families can be handled better by a man who is peaceloving, than by a man who has been sentenced three (3) times for assault.

In view of our findings that Si'itupe prevails over Lauvai on three issues and has equal right to the name on the issue of hereditary right it follows that Si'itupe is entitled to the name Asuega. Si'itupe will be certified to the Attorney General for registration for the matai name Asuega.

Costs in the sum of twenty-five ($25.00) dollars are assessed against Lauvai, the same to be paid within sixty (60) days.